**Cecil HENDERSON, Plaintiff/Appellant,**

v.

**BUSH BROTHERS & COMPANY,**
**Defendants/Appellees.**

Supreme Court of Tennessee,
at Knoxville.

Aug. 17, 1993.

David E. Waite, Law Offices of James L. Milligan, Jr. & Associates, Knoxville, for plaintiff/appellant.

James W. Harrison, Taylor, Reams, Tilson & Harrison, Morristown, for defendants/appellees.

Members of Panel:

ANDERSON, Justice, Supreme Court, JOHN K. BYERS and WILLIAM M. DENDER, Senior Judges.

### MEMORANDUM OPINION

WILLIAM M. DENDER, Senior Judge.

This workers' compensation appeal has been referred to the Special Workers' Compensation Appeals Panel of the Supreme Court in accordance with T.C.A. Section 50–6–225(e)(3) for hearing and report to the Supreme Court of findings of fact and conclusions of law.

The original complaint in this case was filed on the 29th of December, 1987. The plaintiff, Cecil Henderson, complained that he was injured while at his place of employment, Bush Brother & Company, the defendant. The complaint stated that the injury was caused by the breathing of noxious fumes, which rendered the plaintiff totally disabled, and entitled him to full Workers' Compensation Benefits. At this time, the plaintiff was represented by Gary E. Brewer, attorney at law.

In its original answer, filed on the 26th of February, 1988, the defendant pled a lack of sufficient knowledge, and raised the statute of limitations as a defense.

After being granted a continuance, Gary E. Brewer moved to withdraw as counsel for the plaintiff, and such motion was granted on the 23rd of February, 1989. Plaintiff was given 30 days in which to obtain new counsel, which was extended to another 30 days, after the trial judge denied defendant's motion to dismiss for failure to prosecute on the 10th of

April, 1989. Trial was set for the 29th of June, 1990.

A companion case to the case at hand had been filed in Federal District Court. In that case, plaintiff was represented by the Law Offices of Milligan and Gilbert. Subsequently, the Worker's Compensation case was also handled by Milligan and Gilbert.

Having employed new counsel, the plaintiff moved that the trial court grant leave to amend the complaint, pursuant to T.R.C.P. 15.01. After an order of continuance was issued by the trial judge on December 16, 1991, the defendant moved for summary judgment.

The trial judge granted the defendant's motion for summary judgement on the 12th of August, 1992, without having considered the motion to amend. The trial judge's order reads as follows:

After considering the entire record in this cause THE COURT IS OF THE OPINION that the Motion for Summary Judgment filed in this cause should be and is hereby granted in that it appears the statute of limitations concerning the original allegations had run at the time of filing of suit and the Motion to Amend comes to late AND IT IS HEREBY ORDERED that this case be dismissed at the costs of the plaintiff, for which execution may issue if necessary.

Plaintiff asks that this court vacate the summary judgment and remand the case for consideration of the motion to amend.

■ After consideration of the entire record, we are of the opinion that the trial court erred in granting summary judgment before consideration of the motion to amend, and we therefore vacate the summary judgment and remand the case for further proceedings consistent with this opinion.

According to the plaintiff's allegations, he was employed by the defendant until November of 1987, was exposed to noxious fumes from September, 1986 to February, 1987, and originally claimed that such exposure was the cause of his problems. During the course of his medical treatment, Dr. Bergia expressed the opinion that one of plaintiff's injuries could have been caused by another act done within the scope of his employment. Plaintiff's attorney became aware of this information, and moved to amend the complaint to remove the claim that the injury had been caused by breathing noxious fumes, and to substitute therefore a claim that the injury to his back and legs may have been caused by heavy lifting, within the course of plaintiff's employment.

T.R.C.P. Rule 15.01, in part, states, "Otherwise a party may amend his pleadings only by written consent of the adverse party or by leave of court; and leave shall be freely given when justice so requires."

■ The Federal Rule of Civil Procedure 15(a) is essentially the same as the Tennessee Rule of Civil Procedure 15.01, and even though federal decisions are not binding upon the state courts, we find assistance in reviewing cases concerning rules of procedure which have been in effect in the federal courts from many years. We find an extensive review of Rule 15(a) of the Federal Rules of Civil Procedure in *Ellison v. Ford Motor Company*, 847 F.2d 297 (6th Circuit, 1988), a case similar to the case *sub judice*, as follows:

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party desiring to amend his pleading after a responsive pleading has been served may do so "only by leave of court ... and leave shall be freely given when justice so requires." The Rules put forth a liberal policy of permitting amendments in order to ensure determination of claims on their merits. *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir.1982). A court's refusal to grant leave to amend is reviewable under the "abuse of discretion" standard. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330–32, 91 S.Ct. 795, 802–03, 28 L.Ed.2d 77 (1971); *Tefft*, 689 F.2d at 637–38. An abuse of discretion occurs when a district court fails to state the basis for its denial of a motion or fails to consider the competing interests of the parties and likelihood of prejudice to the opponent. *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir.1986). As the Supreme Court stated

in *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962):

> [T]he grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

Consistent with these principles, we recently held that it was an abuse of discretion for a district court to dismiss a suit on the basis of the original complaint without first considering and ruling on a pending motion to amend. *Marks v. Shell Oil Co.,* 830 F.2d 68, 69 (6th Cir.1987). In *Marks* we stated:

> Given the policy of liberality behind Rule 15(a), it is apparent that when a motion to amend is not even considered, much less not granted, an abuse of discretion has occurred. The court in *Espey* [*v. Wainwright,* 734 F.2d 748 (11th Cir. 1984)] determined that unless the district court's reason for dismissing the motions to amend were "readily apparent" the dismissal could not be sustained. 734 F.2d at 750. Because the district court did not consider the motion, we can discern no such "readily apparent" reasons here....
>
> . . . .
>
> Therefore, we hold that dismissal of the suit based upon the original complaint without first considering the motion to amend was an abuse of discretion. The district court should have evaluated Marks' motion in light of Fed.R.Civ.P. 15(a) and its liberal policy of amendment.

*Marks,* 830 F.2d at 69–70 (footnote omitted & emphasis added.)

### FINDINGS AND CONCLUSIONS

■ The above reasoning is persuasive, and it is our opinion the trial court must give the proponent of a motion to amend a full chance to be heard on the motion, must consider the motion in light of the amendment policy embodied in T.R.C.P. 15.01, that amendments must be freely allowed; and in the event the motion to amend is denied, the trial court must give a reasoned explanation for his action.

We note that the trial judge stated in his order that "the motion to amend comes too late," but we do not consider that as being a consideration of the motion or a reasoned explanation for his action. There is no time limit that would apply to the motion to amend in the present case.

We make no determination concerning the summary judgment motion, except to vacate the present order. It is our opinion that the motion to amend must be allowed; and after the motion to amend is allowed, the trial court may then consider the motion for summary judgment.

For the reasons stated herein, the summary judgment is vacated, and the case is remanded to the trial court for further proceedings consistent with this opinion.

The costs of this appeal are taxed to the appellee.

ANDERSON, J., and JOHN K. BYERS, Senior Judge, concur.