IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
July 24, 2012 Session

ANNA PARKER, ADMINISTRATOR OF ESTATE OF WANDA FAYE
DOBBS, DECEASED ET AL. v. PORTLAND NURSING & NURSING
REHAB ET AL.

Appeal from the Circuit Court for Sumner County
No. 2010CV495 and No. 2010CV909     C. L. Rogers, Judge

No. M2011-02633-COA-R9-CV - Filed August 30, 2012

In this action, the plaintiff has attempted to assert claims for ordinary negligence and medical malpractice against nursing home defendants by filing two separate actions and then seeking to consolidate the cases or to amend the complaint to assert both types of claims in one case. The first complaint filed only asserted claims for ordinary negligence against the nursing home defendants. Sixty days after having given the statutory notice to the healthcare providers of her intent to file medical malpractice claims, the plaintiff commenced a separate action against the same nursing home defendants and an additional defendant, a physician who treated the nursing home patient, by filing a complaint for medical malpractice. Upon motions of the nursing home defendants, the trial court refused to consolidate the cases, dismissed the medical malpractice claims against the nursing home defendants upon the ground of a prior suit pending, and denied the plaintiff's motion to amend the complaint in the first case to add claims for medical malpractice against the nursing home defendants. Having determined that the plaintiff complied with Tennessee Code Annotated § 29-26-121(a) by giving the requisite 60 days notice to the medical providers and that the statute of limitations had not run, we have concluded that the trial court erred in denying the plaintiff's Tennessee Rule of Civil Procedure 15.01 motion to amend the complaint. Accordingly, we reverse and remand with instructions to grant the plaintiff's motion to amend the complaint for ordinary negligence against the nursing home defendants thus allowing the plaintiff to assert medical malpractice claims against the nursing home defendants and for further proceedings consistent with this opinion.

**Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the Circuit Court
Reversed and Remanded**

FRANK G. CLEMENT, JR., J., delivered the opinion of the Court, in which PATRICIA J. COTTRELL, P.J., M.S., and ANDY D. BENNETT, J., joined.

Deborah Truby Riordan, Little Rock, Arkansas; Cameron C. Jehl and Carey L. Acerra, Memphis, Tennessee, for the appellant, Anna Parker, Administrator of the Estate of Wanda Faye Dobbs, deceased, and on behalf of the wrongful death beneficiaries of Wanda Faye Dobbs.

Heidi A. Barcus, Jennifer Pearson Taylor, and Ian P. Hennessey, Knoxville, Tennessee, for the appellees, Portland Nursing and Rehab Center, Inc. D/b/a Highland Manor Nursing & Rehab Center, Sunbelt Health Care Centers, Inc. A/k/a Adventist Care Centers, Adventist Health System Sunbelt Healthcare Corporation, and Adventist Health System/Sunbelt, Inc.

## OPINION

Plaintiff, Anna Parker, is the Administrator of the estate of Wanda Faye Dobbs ("decedent"). Ms. Dobbs was a resident at Highland Manor Nursing & Rehab Center, a long-term care facility in Portland, Tennessee, from December 17, 2007, to June 4, 2009. On June 4, 2009, Ms. Dobbs was transferred to Sumner Regional Medical Center, where she died on June 15, 2009.

On April 23, 2010, Plaintiff commenced the first of two civil actions in the Circuit Court for Sumner County against Portland Nursing & Rehab Center, Inc. d/b/a Highland Manor Nursing & Rehab Center; Sunbelt Healthcare Corporation; and Adventist Health System/Sunbelt, Inc. (collectively "Nursing Home Defendants").[1] In the complaint, Plaintiff asserted claims against the Nursing Home Defendants for ordinary negligence; gross negligence; willful, wanton, reckless, and/or intentional conduct; violations of the Tennessee Adult Protection Act; breach of contract; and claims for survival and wrongful death. In the April complaint ("Ordinary Negligence Complaint"), Plaintiff expressly and specifically stated that she was only asserting claims for ordinary negligence that did not "involve a decision, act, or omission based on medical science or specialized training and skill" and that the acts or omissions alleged in the complaint involved mere custodial neglect and not medical malpractice. The Ordinary Negligence Complaint alleged that the Nursing Home Defendants breached the duties owed to the residents including the decedent and were negligent in the ordinary care and treatment of the decedent.

On April 22, 2010, the day prior to filing the complaint for ordinary negligence, Plaintiff served written notice of potential medical malpractice claims pursuant to Tennessee Code Annotated § 29-26-121(a), upon the Nursing Home Defendants and Ralph H. Ruckle, M.D., a physician who had treated the decedent.

---

[1]The first case was assigned No. 2010CV495 in the Circuit Court for Sumner County; the second case was assigned No. 2010CV909 in the Circuit Court for Sumner County.

On July 22, 2010, Plaintiff commenced the second action by timely filing a complaint in the same court asserting medical malpractice claims against the Nursing Home Defendants and Dr. Ruckle.

In the interim, on July 16, 2010, the Nursing Home Defendants filed a motion to dismiss the complaint that was filed in April 2010 contending the claims sounded in medical malpractice and that Plaintiff had failed to comply with the statutory notice requirements of Tennessee Code Annotated § 29-26-121(a).

After the second action was commenced in July 2010, the Nursing Home Defendants filed a motion to dismiss all claims asserted against them based on the doctrine of prior suit pending. They contended the two pending cases involved the same parties and the same subject matter.

On August 16, 2010, while the motions to dismiss were pending, Plaintiff filed a motion to consolidate the two actions. On February 2, 2011, Plaintiff filed a motion to amend the Ordinary Negligence Complaint to add the medical malpractice claims against the Nursing Home Defendants.

On February 17, 2011, the Circuit Court for Sumner County heard arguments on the pending motions in both cases: Defendants' motion to dismiss the claims asserted against them in the second case, Plaintiff's motion to consolidate both cases, and Plaintiff's motion to amend the complaint filed in the first case. On March 3, 2011, the trial court issued an Order dismissing the medical malpractice claims asserted against the Nursing Home Defendants (but not Dr. Ruckle) in the second case on the ground that there was a prior lawsuit pending involving the same parties and the same subject matter. The trial court denied Defendants' motion to dismiss the first case finding reasonable minds could differ as to whether the factual content alleged ordinary or professional negligence. The trial court then consolidated the medical malpractice case against Dr. Ruckle with the ordinary negligence claims asserted against the Nursing Home Defendants in the first case.

The trial court did not address Plaintiff's motion to amend in the March 3 order. Accordingly, Plaintiff then set her motion to amend to be heard on the trial court's July 11, 2011 docket. The motion was heard and, on July 19, 2011, the trial court denied Plaintiff's motion to amend on the ground that Plaintiff failed to comply with the notice requirement in Tennessee Code Annotated § 29-26-121(a) prior to filing suit (the claims for ordinary negligence) on April 23, 2010.

Plaintiff filed a Motion for Reconsideration or in the alternative a Motion for Permission to File an Interlocutory Appeal. Thereafter, Plaintiff mailed a second notice of

medical malpractice claims to the Nursing Home Defendants pursuant to Tennessee Code Annotated § 29-26-121(a). On September 29, 2011, Plaintiff filed a Second Motion to Amend. A hearing occurred on November 22, 2011. On November 29, 2011, the trial court issued an Order denying Plaintiff's motion to amend stating it was "futile because Plaintiff did not comply with Tenn. Code Ann. § 29-26-121 in providing statutory notice of her medical malpractice claims either prior to filing the April 23, 2010 Complaint or within the applicable statute of limitations," but granting Plaintiff's request for an interlocutory appeal of its June 19, 2011 Order. Plaintiff timely filed an appeal from that order as it pertained to that case.

On January 3, 2012, Plaintiff filed a motion in the trial court pursuant to Tennessee Rule of Appellate Procedure 9 for permission to appeal the November 29, 2011 Order as it pertained to that case. The trial court granted the motion in an order entered January 30, 2012, and Plaintiff filed a timely appeal of that order. Thereafter, this court consolidated the two appeals and we address the trial court's decisions concerning both cases in this one opinion.

## ANALYSIS

Plaintiff contends the trial court erred in denying her motions to amend her Ordinary Negligence Complaint filed in April 2010.[2] She argues that her first motion to amend filed on February 2, 2011, was timely filed because the medical malpractice claims were tolled following the filing of the Medical Malpractice Complaint on July 22, 2010,[3] and remained tolled during the pendency of the Medical Malpractice Complaint, which was dismissed on March 3, 2011. Defendants argue that the trial court properly denied Plaintiff's motion to amend her April 2010 complaint to add claims for medical malpractice in February 2011, because the motion to amend was made outside the 120-day extension of the statute of limitations, which they contend expired on October 4, 2010.

Plaintiff also argues that the trial court erred in denying her second motion to amend filed on September 29, 2011, because she sent a second notice of medical malpractice claims on July 26, 2011, and the second motion to amend was filed within the time provided by the savings statute, Tennessee Code Annotated § 28-1-105.

---

[2] Plaintiff did not appeal the trial court's March 3, 2011 order, which dismissed her Medical Malpractice Complaint and denied the motion to consolidate the cases. Our analysis is limited to determining whether the trial court erred in denying the motion to amend her Ordinary Negligence Complaint.

[3] Plaintiff states that the Medical Malpractice Complaint was timely filed because she gave notice and it was within the 120-day extension for medical malpractice claims pursuant to the notice sent on April 22, 2010, in order to comply with Tennessee Code Annotated § 29-26-121(a).

-4-

The grant or denial of a motion to amend is within the discretion of the trial court, and the court's action will be reversed only for an abuse of discretion. *Sallee v. Barrett*, 171 S.W.3d 822, 825-26 (Tenn. 2005) (citing *Doyle v. Frost*, 49 S.W.3d 853, 856 (Tenn. 2001); *Henderson v. Bush Bros. & Co.*, 868 S.W.2d 236, 237–38 (Tenn. 1993)). A trial court abuses its discretion when it "applies an incorrect legal standard, or reaches a decision which is against logic or reasoning or that causes an injustice to the party complaining." *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001) (internal citations omitted). Tennessee Rule of Civil Procedure 15 governs the amendment of pleadings and Rule 15.01 states leave to amend pleadings "shall be freely given when justice so requires." Thus, while decisions whether to permit an amendment are discretionary, "Tenn. R. Civ. P. 15.01 substantially lessens a trial court's discretion to deny a requested amendment." *Hardcastle v. Harris*, 170 S.W.3d 67, 80-81 (Tenn. Ct. App. 2004) (citing *Branch v. Warren,* 527 S.W.2d 89, 91–92 (Tenn. 1975)). However, "trial courts are not required to grant such motions 'if the amendment would have been futile.'" *Sallee*, 171 S.W.3d at 830 (quoting *Huntington Nat'l Bank v. Hooker*, 840 S.W.2d 916, 923 (Tenn. Ct. App. 1991)).

## I. DENIAL OF PLAINTIFF'S FIRST MOTION TO AMEND

The trial court denied the first motion to amend the complaint in the ordinary negligence action on the ground that Plaintiff failed to comply with the notice requirement contained in Tennessee Code Annotated § 29-26-121(a)(1). We have concluded that the trial court erred in denying Plaintiff's first motion to amend by applying an incorrect legal standard.

Plaintiff's complaint wherein she asserted claims for ordinary negligence was filed on April 23, 2010. In the April complaint, Plaintiff expressly and specifically stated that she was only asserting claims for ordinary negligence and was *not* asserting claims for medical malpractice. Our review of the complaint confirms the fact that the April complaint did not assert claims for medical malpractice, only ordinary negligence.

As Plaintiff correctly states, claims for ordinary negligence and medical malpractice are separate and distinct causes of action as discussed in *Estate of French v. Stratford House*, 333 S.W.3d 546 (Tenn. 2011).[4] In *Estate of French*, our Supreme Court noted this distinction:

---

[4]Both parties note that the passage of the Tennessee Civil Justice Act of 2011 ended this distinction and created a new cause of action of a "health care liability" claim. *See* 2011 Tenn. Pub. Acts ch. 510.

If the alleged breach of the duty of care set forth in the complaint is one that was based upon medical art or science, training, or expertise, then it is a claim for medical malpractice. If, however, the act or omission complained of is one that requires no specialized skills, and could be assessed by the trier of fact based on ordinary everyday experiences, then the claim sounds in ordinary negligence.

*Id.* at 556 (citing *Conley v. Life Care Ctrs. of Am., Inc.*, 236 S.W.3d 713, 729–30 (Tenn. Ct. App. 2007)) (footnoted omitted); *see also Smartt v. NHC Healthcare/McMinnville, LLC*, No. M2007-02026-COA-R3-CV, 2009 WL 482475 (Tenn. Ct. App. Feb. 24, 2009).

The claims asserted by Plaintiff in the April complaint relate to breaches of the standard of care due to failure to supervise staff, failure to adequately staff the nursing facility, failure to appropriately train the staff, and failure to maintain records. Like in *Estate of French*, we find that these claims "do not substantially relate to the rendition of medical treatment by a medical professional." *Estate of French*, 333 S.W.3d at 558 (finding allegations that "chronic understaffing" resulted in the failure to provide basic care were claims that sounded in ordinary negligence).

When Plaintiff filed her complaint for ordinary negligence in April 2010, she was not required to comply with the notice requirement of Tennessee Code Annotated § 29-26-121(a), because the complaint sounded in ordinary negligence and not in medical malpractice. *Id.* at 555 (stating "a potential medical malpractice claimant is required to provide written notice of his or her claim to the health care provider . . . no such notice is required for a claim based upon ordinary negligence"). However, Plaintiff was required to comply with the notice requirement of Tennessee Code Annotated § 29-26-121(a) before filing her medical malpractice claims and she complied with this requirement by sending the requisite notice on April 22, 2010. She filed her medical malpractice complaint on July 22, 2010, which satisfied the 60-day waiting requirement.

Upon the filing of her medical malpractice complaint, the statute of limitations was tolled pursuant to Rule 3 of the Tennessee Rules of Civil Procedure. Thus, when Plaintiff filed her motion to amend her April complaint for ordinary negligence on February 2, 2011, she was doing so within the applicable statute of limitations. Accordingly, the addition of such claims by amendment pursuant to Rule 15.01 was not "futile" despite the Nursing Home Defendant's contention to the contrary.

It is also very important to recognize that amendments to complaints "shall be freely given." Tenn. R. Civ. P. 15.01. "Tennessee law and policy have always favored permitting

litigants to amend their pleadings to enable disputes to be resolved on their merits rather than on legal technicalities." *Hardcastle*, 170 S.W.3d at 80 (citing *Karash v. Pigott*, 530 S.W.2d 775, 777 (Tenn.1975); *Patton v. Dixon*, 103, 58 S.W. 299, 301 (Tenn. 1900); *Rutherford v. Rains*, 158 Tenn. Append. 35, 42 (1814)). In *Hardcastle*, this court noted that the most important factor in determining whether the amendment should be given is "the proposed amendment's potential prejudicial effect on the opposing party." *Id*. at 81. While the trial court stated that Plaintiff had not given notice pursuant to Tennessee Code Annotated § 29-26-121(a), and this same lack of notice is the justification that the Nursing Home Defendants point to on appeal, we simply find that is not the case. Plaintiff gave notice of her medical malpractice claims on April 22, 2010, and therefore the Nursing Home Defendants were on notice of potential medical malpractice claims. Plaintiff was not required to give notice prior to filing her Ordinary Negligence Complaint and therefore to deny Plaintiff's motion to amend a complaint that did not require pre-suit notice to add claims for a separate cause of action in which pre-suit notice was complied with, creates an absurd result. As Plaintiff noted in her briefs, the purpose of the pre-suit notice requirement in Tennessee Code Annotated § 29-26-101 is "to give the defendant the opportunity to investigate and perhaps even settle the case before it is actually filed." *DePue v. Schroeder*, No. E2010-00504-COAR9CV, 2011 WL 538865, *7 (Tenn. Ct. App. Feb. 15, 2011) (quoting *Howell v. Claiborne and Hughes Health Ctr.*, No. M2009-01683-COA-R3-CV, 2010 WL 2539651 (Tenn. Ct. App. Jun. 24, 2010)). Nursing Home Defendants had such notice and opportunity to investigate and settle the medical malpractice claims, by the notice provided on April 22, 2010.

We also find it significant that Plaintiff filed the medical malpractice action in the Circuit Court for Sumner County, the same court in which she filed her separate and distinct causes of action for ordinary negligence and, thus, no prejudice to the Nursing Home Defendants exists.

We, therefore, conclude that the trial court erred in denying Plaintiff's motion to amend its Ordinary Negligence Complaint to add claims for medical malpractice.[5] Having concluded that the trial court erred in denying Plaintiff's first motion to amend the April complaint to add claims for medical malpractice, the issue regarding the denial of the second motion to amend is moot.

---

[5]At no point do Nursing Home Defendants dispute that the claims for medical malpractice and ordinary negligence arise out of the same conduct, transaction, or occurrence as required by Tennessee Rule of Civil Procedure 15.03. Instead, Defendants contend that Plaintiff cannot rely on 15.03 because of the lack of notice, an argument which we have rejected.

## IN CONCLUSION

The judgment of the trial court is reversed, and this matter is remanded for further proceedings consistent with this opinion. Costs of appeal are assessed against the appellees, Portland Nursing & Rehab Center, Inc. d/b/a Highland Manor Nursing & Rehab Center; Sunbelt Healthcare Corporation; and Adventist Health System/Sunbelt, Inc. jointly and severally.

_____
FRANK G. CLEMENT, JR., JUDGE