IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 24, 2017 Session

## BONNIE SHAW v. METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, TENNESSEE

**Appeal from the Circuit Court for Davidson County**
**No. 14C-700      Thomas W. Brothers, Judge**

_____

### No. M2016-02455-COA-R3-CV
_____

In this premises liability action, following the filing of a motion for summary judgment by the defendant, the plaintiff filed a motion seeking to amend her complaint to add a claim of negligence *per se* based on alleged building code violations attributed to the defendant's maintenance of the premises at issue. The trial court failed to rule upon the pending motion to amend before granting summary judgment in favor of the defendant. The plaintiff timely appealed. Due to the trial court's lack of proper consideration of the motion to amend, we conclude that summary judgment was improperly granted. We therefore vacate the grant of summary judgment in favor of the defendant and remand this matter to the trial court for consideration of the motion to amend and entry of an order presenting a reasoned explanation for the grant or denial of the sought amendment. Following such action regarding the motion to amend, the trial court may consider the motion for summary judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Vacated; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and W. NEAL MCBRAYER, J., joined.

Rocky McElhaney and Hunter A. Higdon, Nashville, Tennessee, for the appellant, Bonnie Shaw.

Jon Cooper, Andrew D. McClanahan, Christopher M. Lackey, and Jennifer Bonilla Moreno, Nashville, Tennessee, for the appellee, Metropolitan Government of Nashville and Davidson County, Tennessee.

# OPINION

## I. Factual and Procedural Background

The plaintiff, Bonnie Shaw, was employed as a school bus driver for the school system operated by the defendant, Metropolitan Government of Nashville and Davidson County, Tennessee ("Metro"), from 2002 through February 21, 2013, the date of the incident that triggered this premises liability action. On that date, Ms. Shaw attended a mandatory training program conducted by Metro at Antioch Middle School. Ms. Shaw was required to park her bus in an asphalt parking lot/driver training range located at the school in order to board a bus for travel to the training center across campus. While Ms. Shaw was traversing the parking lot on foot to reach the shuttle bus, she tripped on a buckled and cracked portion of the pavement, sustaining injuries during her resultant fall. The buckling and cracking of the pavement were purportedly the result of flooding that had occurred in Nashville in 2010.

On February 19, 2014, Ms. Shaw filed the instant action in the Davidson County Circuit Court ("trial court"), alleging negligence by Metro and its employees in Metro's maintenance of the parking lot and seeking compensatory damages for her injuries. Ms. Shaw asserted that the parking lot existed in a state of disrepair and had been in such a state for a sufficient length of time that Metro knew or should have known of its dangerous condition. Ms. Shaw further asserted that Metro had breached its duty of care owed to her by failing to repair or warn her of this dangerous condition. Metro filed an answer, denying that the parking lot in question was in a dangerous condition or that it had been negligently maintained. Metro asserted that the instant action was controlled by the Governmental Tort Liability Act ("GTLA") and also subject to principles of comparative fault.

Metro filed a motion for summary judgment on August 4, 2016. On September 23, 2016, Ms. Shaw sought by motion to amend her complaint to include allegations of negligence *per se*. In her proposed amended complaint, Ms. Shaw asserted that Metro had violated various applicable building codes by failing to properly maintain the lot at issue. Metro subsequently filed a statement of material facts and additional documents in support of its motion for summary judgment. Ms. Shaw filed a response as well as her own statement of material facts. Ms. Shaw also attached an affidavit from an engineering expert, who opined that Metro had violated various building codes by failing to adequately maintain the parking lot. The record does not demonstrate that the trial court ever considered or acted on Ms. Shaw's motion to amend, a point that Metro concedes in its appellate brief.

2

On October 28, 2016, the trial court conducted a hearing regarding Metro's motion for summary judgment. The court entered an order granting summary judgment in favor of Metro on November 21, 2016, stating in pertinent part:

> The case of *Coln v. City of Savannah* is controlling in this matter. There the Supreme Court explained that the fact that a danger to plaintiff was "open or obvious" does not automatically relieve a premises owner or possessor of [a] duty of care. *Coln v. City of Savannah*, 966 S.W.2d 34 (Tenn. 1998). A defendant only has a duty of reasonable care if the foreseeability and gravity of harm posed from a defendant's conduct, even though "open and obvious," is outweighed by the burden on defendant to engage in alternative conduct to avoid harm, and circumstances of [a] premises liability case are then analyzed under comparative fault principles. *Id*. In order to impose legal liability, a thing must be dangerous according to common experience. *Rye v. City of Nashville*, 156 S.W.2d 460, 461 (Tenn. Ct. App. 1941).
>
> Tennessee court cases that have refused to require property owners to warn of or repair minor aberrations in surface conditions are still good law. *Batts v. City of Nashville*, involved a three inch deviation, and the Tennessee Supreme Court held that "slight holes or depressions which are not in the nature of traps, and from which danger could not be reasonably anticipated, are not defects for which an action will lie." 123 S.W.2d 1099, 1103 (Tenn. 1938). Similarly, *City of Memphis v. McCrady*, involved a two and a half inch deviation and the Court held that a "municipality cannot be held as an insurer, nor can it be charged with the duty to correct slight defects in sidewalks resulting from inequality in the expansion joints, produced by natural causes, where the inequality or unevenness does not make a dangerous obstruction calculated to produce injury to persons exercising reasonable care." 124 S.W.2d 248, 249 [] (Tenn. 1938); *see also Rye* at 461 (Tenn. Ct. App. 1941) (holding the probability that a concrete sidewalk block about two inches higher than the adjacent concrete block will cause injuries to pedestrians using the sidewalk with reasonable care is too remote to impose on the city the burden and expense of preventing such injuries, or the duty to guard against them).
>
> Considering the foregoing, the Court finds that there are no genuine issues of material facts and this is a question of law to be decided by the Court. The parking lot at issue was uneven due to buckled pavement and contained a fifty-four foot crack that amounted to a deviation of up to one and a half inches. However, a property owner is not required to maintain a

parking lot in the same condition as a billiard table; a parking lot does not have to be absolutely smooth. It will have some uneven surfaces and potentially dangerous areas, but the key question is whether the irregular surface at issue was unreasonably dangerous. The Court finds it was not.

The defect in question was open and obvious and the Plaintiff could have become aware of it through normal exercise of her senses as it was broad daylight and the lengthy crack was clearly visible. The obvious nature of the condition at issue is applicable to the Plaintiff as well as the Defendant. The foreseeable risk of harm caused by the minor aberration in [the] parking lot due to a slight elevation change and the obviousness of the defect in the form of a fifty-four inch[1] crack does not outweigh the obvious nature of the aberration.

Accordingly, the Metropolitan Government owed no duty to Ms. Shaw. The Court finds there are no genuine issues of material fact and the Metropolitan Government's Motion for Summary Judgment is well taken.

Ms. Shaw timely appealed.

## II. Issues Presented

Ms. Shaw presents the following issues for this Court's review, which we have restated slightly:

1.  Whether the trial court erred by granting summary judgment because Metro (1) failed to negate an essential element of Ms. Shaw's claim or (2) failed to demonstrate that Ms. Shaw's evidence was insufficient to establish an essential element of Ms. Shaw's claim.

2.  Whether the trial court erred by failing to construe the evidence in the light most favorable to Ms. Shaw when making its determination regarding summary judgment.

3.  Whether the trial court erred by determining that Metro owed Ms. Shaw no duty of care.

---

[1] Earlier in this order and throughout the record, the crack in the pavement is described as being fifty-four feet in length.

III. Standard of Review

The grant or denial of a motion for summary judgment is a matter of law; therefore, our standard of review is *de novo* with no presumption of correctness. *See Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015), *cert. denied,* 136 S. Ct. 2452, 195 L. Ed. 2d 265 (2016); *Dick Broad. Co. of Tenn. v. Oak Ridge FM, Inc.*, 395 S.W.3d 653, 671 (Tenn. 2013) (citing *Kinsler v. Berkline, LLC*, 320 S.W.3d 796, 799 (Tenn. 2010)). As such, this Court must "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Rye v. Women's Care Ctr.*, 477 S.W.3d at 250. As our Supreme Court has explained concerning the requirements for a movant to prevail on a motion for summary judgment pursuant to Tennessee Rule of Civil Procedure 56:

> [W]hen the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense. We reiterate that a moving party seeking summary judgment by attacking the nonmoving party's evidence must do more than make a conclusory assertion that summary judgment is appropriate on this basis. Rather, Tennessee Rule 56.03 requires the moving party to support its motion with "a separate concise statement of material facts as to which the moving party contends there is no genuine issue for trial." Tenn. R. Civ. P. 56.03. "Each fact is to be set forth in a separate, numbered paragraph and supported by a specific citation to the record." *Id.* When such a motion is made, any party opposing summary judgment must file a response to each fact set forth by the movant in the manner provided in Tennessee Rule 56.03. "[W]hen a motion for summary judgment is made [and] . . . supported as provided in [Tennessee Rule 56]," to survive summary judgment, the nonmoving party "may not rest upon the mere allegations or denials of [its] pleading," but must respond, and by affidavits or one of the other means provided in Tennessee Rule 56, "set forth specific facts" *at the summary judgment stage* "showing that there is a genuine issue for trial." Tenn. R. Civ. P. 56.06. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.,* 475 U.S. [574,] 586, 106 S. Ct. 1348 [(1986)]. The nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party. If a summary judgment motion is filed before adequate time for discovery has been provided, the nonmoving party may

5

seek a continuance to engage in additional discovery as provided in Tennessee Rule 56.07. However, after adequate time for discovery has been provided, summary judgment should be granted if the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the existence of a genuine issue of material fact for trial. Tenn. R. Civ. P. 56.04, 56.06. The focus is on the evidence the nonmoving party comes forward with at the summary judgment stage, not on hypothetical evidence that theoretically could be adduced, despite the passage of discovery deadlines, at a future trial.

*Id.* at 264-65 (emphasis in original). The Supreme Court has also elucidated that "the evidence must be viewed in a light most favorable to the claims of the non-moving party, with all reasonable inferences drawn in favor of those claims." *Id.* at 286. Pursuant to Tennessee Rule of Civil Procedure 56.04, the trial court must "state the legal grounds upon which the court denies or grants the motion" for summary judgment, and our Supreme Court has instructed that the trial court must state these grounds "before it invites or requests the prevailing party to draft a proposed order." *See Smith v. UHS of Lakeside, Inc.*, 439 S.W.3d 303, 316 (Tenn. 2014).

## IV. Propriety of Grant of Summary Judgment

Ms. Shaw asserts that the trial court erroneously granted summary judgment in favor of Metro, arguing that Metro failed to (1) affirmatively negate an essential element of Ms. Shaw's claim or (2) demonstrate that Ms. Shaw's evidence at the summary judgment stage was insufficient to establish Ms. Shaw's claim or defense. Ms. Shaw also posits that the trial court failed to view the evidence in the light most favorable to her, as it was required to do when considering a motion for summary judgment. In support of her argument, Ms. Shaw places great emphasis on the affidavit of her expert, Clarence Bennett, who opined that Metro violated various applicable building codes and ordinances by failing to adequately maintain the parking lot at issue, thus purportedly allowing a dangerous and defective condition to exist on its property. Although in its order the trial court did rely upon part of the evidence contained in Mr. Bennett's affidavit regarding the size and depth of the cracked area, the court did not rule on Ms. Shaw's motion seeking to amend her complaint to assert a claim of negligence *per se*. The court's judgment does not specifically mention the alleged building code violations.

In its appellate brief, Metro contends that any code compliance issues are not properly before this Court because the trial court "never entered an order granting Plaintiff's Amended Complaint which attempted to add those claims." Metro further proceeds to argue, however, that no building codes were violated and that the building codes it allegedly violated are inapplicable in this factual situation. Ergo, Metro appears

to seek a ruling from this Court that no building code violations existed while simultaneously asserting that the issue is not properly before the Court.

Regarding the trial court's failure to rule on the pending motion to amend, a similar situation was addressed by our Supreme Court in *Henderson v. Bush Bros. & Co.*, 868 S.W.2d 236 (Tenn. 1993), wherein the plaintiff's motion seeking to amend his complaint was never ruled upon prior to the trial court's grant of summary judgment in favor of the defendant. On appeal, the High Court considered that Tennessee Rule of Civil Procedure 15.01, governing the amendment of pleadings, provides that leave to amend "shall be freely given when justice so requires." *See Henderson*, 868 S.W.2d at 237. The Court also considered persuasive federal precedent construing the similar Federal Rule of Civil Procedure 15(a), in which the Sixth Circuit Court of Appeals had held that "it was an abuse of discretion for a district court to dismiss a suit on the basis of the original complaint without first considering and ruling on a pending motion to amend." *Id*. at 238 (quoting *Ellison v. Ford Motor Co.*, 847 F.2d 297, 300 (6th Cir. 1988) (in turn citing *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987)).

The *Henderson* Court thus vacated the trial court's grant of summary judgment, reasoning that:

> the trial court must give the proponent of a motion to amend a full chance to be heard on the motion, must consider the motion in light of the amendment policy embodied in T.R.C.P. 15.01, that amendments must be freely allowed; and in the event the motion to amend is denied, the trial court must give a reasoned explanation for [its] action.

*Henderson*, 868 S.W.2d at 238. *See also Cumulus Broad., Inc. v. Shim*, 226 S.W.3d 366, 375 (Tenn. 2007) (explaining that before summary judgment was granted, "the amendment [to the complaint] should have been considered," but finding the error to be harmless due to the circumstances); *Reynolds v. Tognetti*, No. W2010-00320-COA-R3-CV, 2011 WL 761525, at *6 (Tenn. Ct. App. Mar. 4, 2011) (vacating the trial court's grant of summary judgment and remanding to the trial court for a full hearing regarding an unadjudicated motion to amend the complaint "in light of the policy that amendments are to be freely given").

Similarly, in *Lowery v. Faires*, No. 03A01-9605-CV-00177, 1996 WL 718290, at *2 (Tenn. Ct. App. Dec. 16, 1996), the plaintiff filed a motion to amend his complaint after the defendant had filed a motion seeking a grant of summary judgment. The trial court denied the plaintiff's motion to amend because the motion for summary judgment was pending. *Id*. at *1. On appeal, this Court vacated the trial court's grant of summary judgment, which had been based on governmental immunity, and remanded the matter to

7

the trial court for full consideration of the plaintiff's motion to amend. *Id*. at *2. In so doing, this Court explained:

> In the instant case, the trial court denied plaintiff's motion to amend on the grounds that the motion could not be entertained while a motion for summary judgment was pending. This decision is clearly in conflict with the Supreme Court's decision in *Henderson.*

> Appellees argue that it was within the trial court's discretion to deny the motion, and cite several factors that a court must consider in determining whether to grant a motion to amend. We agree that in the ordinary case, the standard of review is whether the trial court abused its discretion in denying a motion to amend. This court in *Welch v. Thuan,* 882 S.W.2d 792 (Tenn. App. 1994) noted that "[t]he rule [Rule 15.01, T.R.A.P.] provides that permission to amend may be liberally granted, but the decision is in the sound discretion of the trial court, and will not be reversed unless abuse of discretion has been shown." (Citing *Wilson v. Ricciardi,* 778 S.W.2d 450, 453 (Tenn. App. 1989)). Here, however, the trial court did not exercise its discretion nor consider relevant factors in determining whether to grant or deny the motion. The trial court's decision was based on the mistaken belief that the court could not entertain a motion to amend while a motion for summary judgment was pending. Some of the relevant factors to consider are undue delay in filing; lack of notice to the opposing party; bad faith by the moving party; repeated failure to cure deficiencies by previous amendments; undue prejudice to the opposing party; and futility of the amendment. *Welch,* supra, and *Merriman v. Smith,* 599 S.W.2d 548 (Tenn. App. 1979).

> We make no determination concerning the merits of either the motion to amend or the motion for summary judgment except to vacate the present order. We believe that the trial judge should consider the motion to amend, and if, in the court's determination the motion is not well taken, a reasoned explanation for the denial should be given in accordance with *Henderson.* After action on the motion to amend, the trial court may then consider the motion for summary judgment.

*Id.*

In the instant action, the trial court similarly failed to properly exercise its discretion. The court neither ruled upon the pending motion to amend nor undertook analysis of the above-listed applicable factors in order to determine whether the sought

amendment should have been granted pursuant to Tennessee Rule of Civil Procedure 15.01. *See Lowery*, 1996 WL 718290, at *2. Due to the trial court's lack of sufficient consideration of Ms. Shaw's motion to amend, summary judgment was improperly granted. *See Henderson*, 868 S.W.2d at 238. We therefore vacate the grant of summary judgment to Metro and remand this matter to the trial court for consideration of the motion to amend and entry of an order presenting a "reasoned explanation" for the grant or denial of the amendment. *See Henderson*, 868 S.W.2d at 238; *Lowery*, 1996 WL 718290, at *2. Following such action regarding the motion to amend, the trial court may consider the motion for summary judgment. *See id.*

## V. Conclusion

For the foregoing reasons, the trial court's grant of summary judgment in favor of Metro is vacated. We remand this matter to the trial court for further proceedings consistent with this opinion. Costs on appeal are taxed one-half to the appellant, Bonnie Shaw, and one-half to the appellee, Metropolitan Government of Nashville and Davidson County, Tennessee.

_____
THOMAS R. FRIERSON, II, JUDGE