IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
April 22, 2025 Session

## AMANDA COOPER HEARN, AS TRUSTEE OF THE COOPER FAMILY TRUST v. SHARON THOMAS F/K/A SHARON W. COOPER AS TRUSTEE OF THE COOPER FAMILY TRUST

Appeal from the Chancery Court for Chester County
No. 2021-CV-1301  Steven W. Maroney, Chancellor

_____

No. W2024-01323-COA-R3-CV

_____

In granting appellee's motion to amend her petition over appellant's objection, the trial court did not consider any of the factors relevant to a trial court's determination of whether to grant a motion to amend.  In the absence of any explanation in the trial court's order concerning the basis for its decision, we are unable to conduct a meaningful review of whether the trial court erred in granting appellee's motion to amend.  Accordingly, we vacate the trial court's order granting appellee leave to amend her petition and pretermit the remaining issues on appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Vacated and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and VALERIE L. SMITH, J., joined.

John S. Little, Jackson, Tennessee, for the appellant, Sharon Waynetta Thomas.

Donald D. Glenn. Jackson, Tennessee, for the appellee, Amanda Lee Hearn.

## OPINION

### I. Background

The Cooper Family Trust (the "Trust") was established on October 28, 2011, by Edwin and Mary Cooper. After Mary's death, Edwin Cooper executed three amendments to the Trust and a Pour Over Will. Edwin Cooper died on February 15, 2017.  Mr. Cooper's

daughter, Sharon Thomas ("Appellant"), and his niece, Amanda Hearn ("Appellee"), acted as co-trustees until a dispute arose between them.

Two separate lawsuits were filed concerning the Trust. On November 5, 2021, Ms. Thomas filed a declaratory judgment action, seeking to invalidate certain provisions of the Trust. By order of November 16, 2022, the trial court ruled that the Trust does not violate the rule against perpetuities and is valid. Neither Ms. Hearn nor Ms. Thomas appealed the declaratory judgment order, and it became final on December 16, 2022.

On September 3, 2021, before the declaratory judgment action was filed, Ms. Hearn filed a petition to compel and for injunctive relief against Ms. Thomas. By her petition, Ms. Hearn sought an accounting, injunctive relief, repayment of money, and restoration of Trust property. On October 8, 2021, Ms. Thomas filed an answer, alleging that Ms. Hearn lacked standing to bring the petition. Additionally, Ms. Thomas filed a motion to dismiss and a counter-petition, asserting breach of fiduciary duty by Ms. Hearn. On December 3, 2021, Ms. Hearn filed an answer to the counter-petition, wherein she asserted that Ms. Thomas failed to state a claim.

On December 30, 2022, after the declaratory judgment action was resolved, Ms. Hearn moved to amend her petition for injunctive relief to assert a claim for declaratory relief under the No Contest clause of the Trust, *i.e.,* Article Twelfth. Ms. Thomas filed a response in opposition to the motion to amend on March 6, 2023. On April 23, 2023, the trial court granted Ms. Hearn leave to amend her petition over Ms. Thomas' objection. On April 24, 2023, Ms. Hearn filed her amended petition. On May 11, 2023, Ms. Thomas filed an answer to the amended petition and a motion to dismiss same.

On July 19, 2023, Ms. Hearn filed a motion for partial summary judgment, arguing that, in bringing the declaratory judgment action, Ms. Thomas triggered the No Contest provision of the Trust such that Ms. Thomas' rights under the Trust were forfeited. Ms. Thomas opposed the motion for partial summary judgment and relied on her motion to dismiss for the proposition that the declaratory judgment action was brought for the benefit of all parties to determine the rights of all Trust beneficiaries. As such, Ms. Thomas asserted that the No Contest clause was inapplicable under Tennessee Code Annotated section 35-15-1014.

By order of November 8, 2023, the trial court found that Ms. Thomas' declaratory judgment action sought to invalidate provisions of the Trust and, thus, triggered the No Contest clause. The trial court also found that section 35-15-1014(c) was not applicable. As such, the trial court concluded that Ms. Thomas was no longer a beneficiary of the Trust. Accordingly, the trial court granted Ms. Hearn's motion for partial summary judgment and denied Ms. Thomas' motion to dismiss. On December 8, 2023, Ms. Thomas filed a motion to alter or amend the judgment and asked the trial court to reconsider its decision allowing Ms. Hearn leave to amend her petition. The motion was heard on May 22, 2024. By order

of August 16, 2024, the trial court denied Ms. Thomas' motion, reiterated its ruling that she was no longer a beneficiary of the Trust, and removed her as trustee. She appeals.

## II. Issues

Ms. Thomas raises the following issues for review as stated in her brief:

I. The trial court abused its discretion in granting Ms. Hearn permission to amend her injunctive relief cause of action to assert a claim for declaratory relief based on the "No contest" clause of the Trust.

II. The trial court erred when it did not alter or amend its partial summary judgment based on the defense of claim preclusion because it did not exercise any discretion regarding the same.

III. Substantively, the trial [court] erred in granting partial summary judgment in the first place based on the "No contest" clause of the Trust based on the "safe harbor" provisions of Tenn. Code. Ann. § 35-15-1014.

## III. Amendment

We begin with Ms. Thomas' assertion that the trial court erred in granting Ms. Hearn leave to amend her complaint to add the No Contest clause argument. This Court has explained:

> "Rule 15 of the Tennessee Rules of Civil Procedure governs the amendment of pleadings." ***Sallee v. Barrett***, 171 S.W.3d 822, 829 (Tenn. 2005). A party may amend its pleadings once as a matter of course before a responsive pleading is served, but once the opposing party has filed a responsive pleading, the party seeking to amend must obtain written consent of the adverse party or leave of court. ***Abdur'Rahman v. Parker***, 558 S.W.3d 606, 620 (Tenn. 2018). "The grant or denial of a motion to amend is within the sound discretion of the trial court, and the court's action will be reversed only for an abuse of discretion." ***Sallee***, 171 S.W.3d at 825-26 (citing ***Doyle v. Frost***, 49 S.W.3d 853, 856 (Tenn. 2001); ***Henderson v. Bush Bros. & Co.***, 868 S.W.2d 236, 237-38 (Tenn. 1993)). Under this standard, "an appellate court cannot substitute its judgment for that of the trial court." ***Abdur'Rahman***, 558 S.W.3d at 620. "[T]he trial court's decision to deny a motion to amend 'will be upheld so long as reasonable minds can disagree as to the propriety of the decision made.'" ***Schutt v. Miller***, No. W2010-02313-COA-R3-CV, 2012 WL 4497813, at *11 (Tenn. Ct. App. Sept. 27, 2012) (quoting ***State v. Scott***, 33 S.W.3d 746, 752 (Tenn. 2000)).

***Smith v. Oakwood Subdivision Homeowners Assoc., Inc.***, No. W2022-00845-COA-R3-CV, 2023 WL 8599720, at *9 (Tenn. Ct. App. Dec. 12, 2023). Although "leave [to amend]

shall be freely given when justice so requires," Tenn. R. Civ. P. 15.01, "[t]here are several considerations a trial court should evaluate when determining whether to grant or deny a motion to amend a complaint." *Kincaid v. SouthTrust Bank*, 221 S.W.3d 32, 42 (Tenn. Ct. App. Oct. 31, 2006), *perm. app. denied* (Tenn. Feb. 26, 2007). Among these factors are: (1) undue delay in filing; (2) lack of notice to the opposing party; (3) bad faith by the moving party; (4) repeated failure to cure deficiencies by previous amendments; (5) undue prejudice to the opposing party; and (6) futility of amendment. *Hall v. Shelby County Retirement Bd.*, 922 S.W.2d 543, 546 (Tenn. Ct. App. 1995), *perm. app. denied* (Tenn. April 29, 1996); *Merriman v. Smith*, 599 S.W.2d 548, 559 (Tenn. Ct. App. 1979) (citing *Hageman v. Signal L. P. Gas, Inc.*, 486 F.2d 479 (6th Cir. 1973)). Indeed, "[n]otice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Hageman*, 486 F.2d at 484 (citing *Williams v. United States*, 405 F.2d 234 (5th Cir. 1968); *Strauss v. Douglas Aircraft Co.*, 404 F.2d 1152 (2d Cir. 1968)).

In her March 6, 2023 response in opposition to Ms. Hearn's motion to amend, Ms. Thomas argues that, applying the *Hall* factors, the trial court should deny the amendment. Ms. Thomas relies primarily on her assertion that Ms. Hearn unduly delayed filing the motion to amend to add the No Contest clause claim. As stated in her response, "Because Ms. Hearn had the duties of trustee when the Declaratory Judgment Action was filed; she should have asserted the no contest provision at that time. She knew all of the facts underlying the amendment since the beginning of the litigation." Indeed, this Court has explained that, although

> delay alone is an insufficient basis for denying leave to amend, *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986), unexplained delay coupled with other factors may constitute "undue delay" . . . . One such factor is where the party seeking to amend has known all of the facts underlying the amendment since the beginning of the litigation. "[L]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." *Acri v. International Ass'n of Machinists and Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir.1986). *See also Royal Ins. Co. of Am. v. Southwest Marine*, 194 F.3d 1009, 1016-17 (9th Cir.1999); *Duggins v. Steak 'N Shake, Inc.* 195 F.3d 828, 834 (6th Cir.1999).

*March v. Levine*, 115 S.W.3d 892, 909 (Tenn. Ct. App. 2003). Additionally, "'late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action.'" *Id.* (quoting *Acri*, 781 F.2d at 1398). "Thus, even in its contemplation of other factors, a trial court **must** consider an amendment's prejudicial effect." *In re Kailyn B.*, No. E2021-00809-COA-R3-PT, 2022 WL 9577148, at *7 (Tenn. Ct. App. Oct. 17, 2022) (emphasis added). "A trial court's analysis of the prejudicial effect of a proposed

- 4 -

amendment is a fact-intensive exercise." *Id.* (citing *Hardcastle v. Harris*, 170 S.W.3d 67, 81 (Tenn. Ct. App. 2004)). The court must consider how its decision whether to grant the request to amend would affect the parties; such consideration requires an inquiry into "(1) the hardship on the moving party if the amendment is denied; (2) the reasons for the moving party's failure to include the claim, defense, or other matter in its earlier pleading; and (3) the injustice to the opposing party should the motion to amend be granted." *Id*. (citation omitted).

Turning to the trial court's April 21, 2023 order granting Ms. Hearn's motion to amend her complaint, there is no indication that the trial court addressed any of the arguments Ms. Thomas' raised in her response to the motion. In fact, there is no indication that the trial court addressed any of the *Hall* factors set out above. In its entirety, the trial court's order states:

> Upon the Motion for Leave to Amend Petition to Compel and For Injunctive Relief by Petitioner Arnanda Hearn, the Response to Motion for Leave to Amend Petition to Compel and For Injunctive Relief, by Respondent Sharon Thomas, and after hearing in open Court on March 22, 2023, the Court orders that Petitioner is granted leave to file the Amended Petition to Compel and For Injunctive Relief[.]

This Court has cautioned that "[d]iscretionary decisions must take applicable legal principles into account. If the trial court misconstrues or misapplies the law, its discretion lacks the necessary legal foundation and becomes an abuse of discretion. . . . Accordingly, 'abuse of discretion' may connote an error of law, an error of fact, or an error in the substance or form of the trial court's order." *Gooding v. Gooding*, 477 S.W.3d 774, 780-81 (Tenn. Ct. App. 2015) (citations omitted). This Court has found that, in deciding a motion to amend, a trial court applies the correct legal standard when it addresses the *Hall* factors. For example, in *Waters v. Coker*, No. M2007-01867-COA-RM-CV, 2008 WL 4072104, at *6 (Tenn. Ct. App. Aug. 28, 2008), we noted that, "The trial court identified undue delay and undue prejudice [] as reasons for denying the Motion to Amend. Undue delay and undue prejudice are factors to be considered when deciding whether to deny a motion to amend. . . . **Accordingly, the trial court applied the correct legal standard**" (emphasis added). Likewise, in *SREE v. Champaneria* , we stated that:

> A trial court **must** consider such factors as "undue delay in filing; lack of notice to the opposing party; bad faith by the moving party; repeated failure to cure deficiencies by previous amendments; undue prejudice to the opposing party; and futility of amendment" in determining whether to grant a motion to amend the pleadings. *Merriman v. Smith*, 599 S.W.2d 548, 559 (Tenn. Ct. App. 1979). However, **if the trial court uses the proper legal standard [*i.e.,* applies the relevant factors]** and refrains from making an illogical decision that promotes an injustice to the parties, the trial court's

decision will not be disturbed. ***Perry*** [***v. Perry***], 114 S.W.3d [465,] at 466 [(Tenn. 2003)].

***SREE v. Champaneria***, No. M2004-00613-COA-R3-CV, 2005 WL 2043598, at *4 (Tenn. Ct. App. Aug. 24, 2005), *perm. app. denied* (Tenn. Feb. 6, 2006) (emphases added).

As set out above, the trial court's order simply states its conclusion that Ms. Hearn is allowed to amend her petition, but the order provides no basis for that decision. In short, the lack of any discussion of the ***Hall*** factors not only constitutes an abuse of discretion insofar as there is no indication that the trial court applied the correct legal standard, but the lack of any explanation for allowing the amendment also negates this Court's ability to conduct a meaningful review of that decision. ***Jackson v. Smith***, No. W2011-00194-COA-R3-CV, 2011 WL 3963589, at *11 (Tenn. Ct. App. Sept. 9, 2011) ("[The Court of Appeals] is a reviewing court."). As such, we vacate the order granting Ms. Hearn leave to amend her petition and remand for reconsideration of the petition and entry of an order containing sufficient discussion of the ***Hall*** factors. Having vacated the order allowing Ms. Hearn to amend her petition, we pretermit the remaining issues on appeal.

## IV. Conclusion

For the foregoing reasons, we vacate the trial court's order granting Appellee's motion to amend her petition. The case is remanded for reconsideration of the question of amendment, for entry of an order containing an explanation for the trial court's decision, and for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed one-half to the Appellant, Sharon Waynetta Thomas, and one-half to the Appellee, Amanda Lee Hearn. Execution for costs may issue if necessary.

s/ Kenny Armstrong
KENNY ARMSTRONG, JUDGE
