IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
November 13, 2018 Session

## ANTHONY T. GROSE ET AL. v. DAVID KUSTOFF ET AL.

**Appeal from the Circuit Court for Shelby County**
**No. CT-001777-17          Robert Samual Weiss, Judge**

_____

### No. W2017-01984-COA-R3-CV

_____

Plaintiff siblings appeal the dismissal of their legal malpractice action on the basis of the statute of limitations. Because the trial court did not comply with **Henderson v. Bush Bros. & Co.**, 868 S.W.2d 236 (Tenn. 1993), in ruling on Plaintiffs' motions to amend their complaints, we vacate the trial court's judgment and remand for reconsideration.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated and Remanded**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which RICHARD H. DINKINS, J., and WILLIAM B. ACREE, JR., SR. J., joined.

Mark N. Foster, Madisonville, KY, for the appellants, Anthony T. Grose, Lonita Grose-Dowdy, Herbert Grose, Curtis Grose, Corwin Grose, and Jefferson Grose, III.

Brian S. Faughnan, Memphis, Tennessee, for the appellees, David F. Kustoff, Bernie Kustoff, Law Office of Bernie Kustoff, and Kustoff & Strickland, PLLC.

### MEMORANDUM OPINION[1]

#### Background

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

On April 21, 2017, Plaintiffs/Appellants Anthony T. Grose, Lonita Grose-Dowdy, Herbert Grose, Curtis Grose, Corwin Grose, and Jefferson Grose, III (collectively, "Plaintiffs"), acting pro se, each filed separate, but identical complaints against Defendants/Appellees David Kustoff, Bernie Kustoff, Kustoff & Strickland PLLC, and the Law Office of Bernie Kustoff (collectively, "Defendants"). The complaints were captioned as alleging claims of "Attorney Abandonment, Malpractice, [and] Negligence." The complaints alleged that Defendants were retained by Plaintiffs, who are siblings, to litigate a wrongful death action regarding Plaintiffs' mother. After the filing of the complaint in the wrongful death action, Plaintiffs asserted that Defendants moved to withdraw from the representation without cause, leaving Plaintiffs in a "pro se status, and then failed to provide any guidance to ethically assist [Plaintiffs] in finding alternative means of counsels." The trial court eventually granted Defendants' motion to withdraw from the wrongful death action on April 22, 2016. According to the complaint, the withdrawal violated several ethical rules applicable to attorneys, including the duty of due diligence, causing considerable damage to Plaintiffs.

On June 8, 2017, Defendants filed a motion to consolidate the five pending actions and to transfer all the cases to one trial judge. Plaintiffs each opposed the transfer, but Defendants' motion was granted and all the pending complaints were eventually transferred to Division VII of the Shelby County Circuit Court.

On June 29, 2017, Defendants filed a motion to dismiss the pending actions for failure to state a claim upon which relief can be granted. Specifically, the motion and accompanying memorandum alleged that the claims were barred by the one-year statute of limitations applicable in legal malpractice actions. According to Defendants, the statute of limitations began to run on March 29, 2016, when the motion to withdraw was filed in the wrongful death action, more than one year prior to the filing of the instant lawsuits. Defendants attached to their motion the filed motion to withdraw from the wrongful death action, which contained a certificate of service indicating that it had been mailed to Plaintiffs on March 29, 2016, as well as the April 22, 2016 order granting the motion to withdraw.

On or about July 31, 2017, each plaintiff filed a motion to amend their complaints to add additional factual averments; the amended complaints were attached to the motions.[2] The motions specifically sought leave of court to file such amendments. The amended complaints contained the following timeline of events concerning the wrongful death litigation:

03-29-2016 Motion Filed to Counsel for Plaintiff
03-29-2016 Affidavit of Notice of Lien
04-01-2016 Response to Motion to Withdraw Robert L. Moore, State Farm

---

[2] Plaintiffs' initial complaints totaled five pages. The amended complaints totaled fourteen pages.

Attorney

04-04-2016 on or about. Plaintiffs received their Notice of Plaintiffs['] Counsel to withdraw as Counsel via USPS Mail

04-15-2016 A Hearing was held in Division Four IV, before Gina C. Higgins, Judge presiding due to Donna Fields absence to hear arguments of Plaintiffs Motion to withdraw as Counsel. [In that hearing, the judge informed David Kustoff she would not grant his motion without reasons before the court, and that he would have to take his arguments back to the presiding Judge Donna Fields. And, that this was and Estate in litigation and that it was very important that this family has representation and that Mr. Kustoff should seek to assist his plaintiff in obtaining suitable counsel].

04-15-2016 CONT TO A DATE —[] Filed by Court No Decision Motion Denied.

04-22-2016 A hearing was held on a Motion for Plaintiff's Attorney to Withdraw as Counsel before, Donna Fields, Judge presiding. Counsel, Defendants were Granted its want, to withdraw as Plaintiffs['] Counsel without reasoning before the court and the plaintiffs. Filed by: Court

The amended complaints further alleged that it was wrongful for Defendants to seek to withdraw from the representation for "no apparent reasonings(s)" after they had "gained pertinent offensive relevant evidentiary material facts as to the causes, theories being pursued to an investigation" in the wrongful death action. According to Plaintiffs, this action "caused justice delayed" including emotional distress to Plaintiffs. As the amended complaints alleged "if the Defendants had handled the case correctly, competent without, abandonment, [Plaintiffs] would have been successful in relief" in the wrongful death action and that "Defendants pre-withdraw intent failed to meet discovery deadlines set by the court that, place Plaintiffs in an unwarranted, awkward position, pro se status position to have their case being subjected to the court's [d]ismiss[al] for failure to prosecute[] or co[o]perate in good faith. This cause[d] [P]laintiffs irritable harm." In support, Plaintiffs noted that a motion to compel, as well as a motion to dismiss had been granted in the wrongful death action. Plaintiffs further asserted that following the withdrawal, Defendants wrongfully withheld the discovery file from Plaintiffs.

Hearings on the motion to dismiss in the instant case were held on August 18 and 23, 2017.[3] Following the hearings, on or about September 6, 2017, each plaintiff filed a response in opposition to Defendants' motion to dismiss. On the same day, the trial court entered an order granting Defendants' motion to dismiss. Therein, the trial court ruled that Plaintiffs were on notice of their alleged injury by Defendants as soon as they received the motion to withdraw filed in the wrongful death action. According to the trial court, "[b]ased upon the assertion in the Complaint that the Defendants abandoned the Plaintiff's [sic] case, the Plaintiff's [sic] knew or should have known that once they

---

[3] No transcripts are included in the record from these hearings.

- 3 -

received the Motion to Withdraw that no further actions would be taken on their case." As such, the trial court dismissed Plaintiffs' claims. Plaintiffs filed timely notices of appeal.

Following the entry of the trial court's order, however, it was discovered that the docket number concerning Plaintiff Jefferson Grose, III, was not included in the final order. Consequently, no final order had been entered as to Jefferson Grose. Jefferson Grose therefore asked that his appeal be dismissed as premature; the motion was granted by this Court by order of November 27, 2017. Upon remand, Defendants filed a motion to correct a clerical error in the trial court to reflect that the judgment of dismissal applied to Jefferson Grose. For his part, Jefferson Grose filed a second motion for leave of court to file an amended complaint. Eventually, the trial court entered an order on January 9, 2018, correcting the prior order of dismissal to apply to the claims raised by Jefferson Grose, as well as denying the second motion to file an amended complaint as moot. Jefferson Grose thereafter again appealed, and his appeal was consolidated with that of his siblings.

## Issues Presented

Plaintiffs raise two issues, which are restated slightly from their brief:

1. Whether the trial court erred in granting Defendants' motion to dismiss.

2. Whether the trial court erred in its treatment of Plaintiffs' amended complaints and/or in not granting Plaintiffs' motions to amend their complaints.

In the posture of appellee, Defendants raise two additional issues, which again are slightly restated from their brief:

1. Whether the trial court's order of dismissal can be affirmed on other grounds.

2. Whether Plaintiffs' pursuit of this appeal should be determined to be a frivolous appeal pursuant to Tennessee Code Annotated section 27-1-122 and Defendants awarded damages.

## Standard of Review

The trial court dismissed this action based on a motion to dismiss for failure to state a claim upon which relief can be granted. *See* Tenn. R. Civ. P. 12.02(6). In ruling on a motion to dismiss pursuant to Rule 12.02(6), the trial court must determine whether the pleadings state a claim upon which relief may be granted. A Rule 12.02(6) motion tests "only the legal sufficiency of the complaint, not the strength of the plaintiff's proof or evidence." ***Webb v. Nashville Area Habitat for Humanity, Inc.***, 346 S.W.3d 422, 426 (Tenn. 2011). The resolution of such a motion is therefore determined by an examination of the pleadings alone. *Id.* "In considering a motion to dismiss, courts must construe the

- 4 -

complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences." *Id.* (internal citations omitted). The court should grant the motion to dismiss only if it appears that the plaintiff cannot establish any facts in support of the claim that would warrant relief. *Doe v. Sundquist*, 2 S.W.3d 919, 922 (Tenn. 1999). We review a trial court's resolution of a motion to dismiss de novo with no presumption of correctness. *Myers v. AMISUB (SFH), Inc.*, 382 S.W.3d 300, 308 (Tenn. 2012).[4]

## Discussion

We begin with the question of the amended complaints, as we conclude that this issue is dispositive of this appeal. As noted above, following the filing of the motion to dismiss, each Plaintiff filed a motion for leave of court to file an amended complaint. At the time, no answer had been filed by Defendants. In general, a party may amend its pleading "once as a matter of course at any time before a responsive pleading is served[.]" Tenn. R. Civ. P. 15.01. Because Defendants chose to respond to the initial complaints by way of a motion to dismiss, rather than an answer, Plaintiffs were entitled to amend their answers without leave of court. *See Mosby v. Colson*, No. W2006-00490-COA-R3-CV, 2006 WL 2354763, at *12 (Tenn. Ct. App. Aug. 14, 2006) (citing *Adams v. Carter County Mem'l Hosp.*, 548 S.W.2d 307, 309 (Tenn. 1977) (noting that a motion

---

[4] The same standard is not applicable, however, if outside materials are considered in deciding the motion to dismiss:

> If either or both parties submit evidentiary materials outside the pleadings in support of or in opposition to a Tenn. R. Civ. P. 12.02(6) motion and the trial court decides to consider these materials, the trial court must convert the motion to dismiss to a motion for summary judgment, *Pacific E. Corp. v. Gulf Life Holding Co.*, 902 S.W.2d at 952, and notify the parties that it has made the conversion, *Teaster v. Tenn. Dep't of Corr.*, No. 01A01–9608–CH–00358, 1998 WL 195963, at *3–4 (Tenn. Ct. App. Apr. 24, 1998) (No Tenn. R. App. P. 11 application filed).

*Staats v. McKinnon*, 206 S.W.3d 532, 543 (Tenn. Ct. App. 2006). The conversion rule, however, does have some notable exceptions. For example, "[c]ourts resolving a motion to dismiss may consider 'items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case . . . without converting the motion into one for summary judgment.'" *Stephens v. Home Depot U.S.A., Inc.*, 529 S.W.3d 63, 74 (Tenn. Ct. App. 2016) (quoting *Haynes v. Bass*, No. W2015-01192-COA-R3-CV, 2016 WL 3351365, at *4 (Tenn. Ct. App. June 9, 2016), perm. app. denied (Tenn. Oct. 21, 2016)) (some internal citations omitted); *see also Cochran v. City of Memphis*, No. W2012-01346-COA-R3-CV, 2013 WL 1122803, at *2 (Tenn. Ct. App. Mar. 19, 2013) (concluding that consideration of the existing complaint, a prior complaint in a separate action, and various orders in the separate case did not require conversion to a motion for summary judgment). In this case, the grant of the motion to dismiss indeed considered outside matters, specifically filings in the underlying wrongful death action. Neither party asserts that the consideration of these matters converted the motion to dismiss into a motion for summary judgment. We need not resolve this issue, however, because we conclude that the grant of the motion to dismiss should be vacated on other grounds, as discussed *infra*.

to dismiss is not a responsive pleading for purposes of Rule 15.01).

Despite this rule, Plaintiffs chose not to file amended complaints, but rather clearly filed a motion with the trial court seeking leave of court to file an amended pleading. In at least two cases, this Court has held that by filing such a motion, the plaintiff may not rely on Rule 15.01 to amend its pleading without first obtaining leave of court. *See City of Oak Ridge v. Levitt*, 493 S.W.3d 492, 497 n.3 (Tenn. Ct. App. 2015) (noting that the plaintiff chose not to take advantage of Rule 15.01 allowance of an amended pleading without leave of court); *Mosley v. State*, No. W2014-01307-COA-R3-CV, 2015 WL 3971883, at *5 (Tenn. Ct. App. June 30, 2015) (indicating that where a plaintiff does not take advantage of its right to amend without leave of the court, this Court cannot correct that choice on appeal). The differences between this case and the cited cases are two-fold. First, unlike in this case, the amending parties in both *Levitt* and *Mosley* were represented by counsel at the time the amendment was requested. *Levitt*, 493 S.W.3d at 497 n.3 (noting that the party that sought to amend was a municipality); *Mosley*, 2015 WL 3971883, at *5 ("Although Mr. Mosley was represented by an attorney at this stage of the proceedings, he simply failed to take advantage of his right to file an amended complaint."). Additionally, the motions in *Levitt* and *Mosley* were not accompanied by the amended pleading sought to be substituted. *See Levitt*, 493 S.W.3d at 497 n.3 ("[T]he City failed to actually amend the pleadings to reflect that Mr. Levitt was added/substituted as a party."); *Mosley*, 2015 WL 3971883, at *1 (noting that Mr. Mosley filed a motion seeking fifteen days to file an amended complaint). The same is not true in this case: each motion for leave to amend filed by Plaintiffs in this case was accompanied by the pleading sought to be substituted.

Moreover, even where leave of court is necessary to the filing of an amended pleading, the trial court must properly consider the motion pursuant to the liberal policy outlined by Rule 15.01. *See Crowder v. Laing*, No. 03A01-9801-CH-00013, 1998 WL 783320, at *3 (Tenn. Ct. App. Nov. 9, 1998) (citing *Branch v. Warren*, 527 S.W.2d 89, 91-92 (Tenn. 1975)) (noting that "[t]he Supreme Court has emphasized the liberality of this rule"). Indeed, Rule 15.01 states that leave to amend "should be freely given when justice so requires." Tenn. R. Civ. P. 15.01. Likewise, while the trial court's decision regarding a motion to amend is reviewed for an abuse of discretion, a trial court's discretion is not unbounded, but must take into account applicable legal principles. *See Lee Medical, Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010) ("The abuse of discretion standard of review does not . . . immunize a lower court's decision from any meaningful appellate scrutiny. . . . Discretionary decisions must take the applicable law and the relevant facts into account.").

The Tennessee Supreme Court Special Worker's Compensation Appeals Panel considered a situation similar to the case-at-bar in *Henderson v. Bush Bros. & Co.*, 868 S.W.2d 236 (Tenn. 1993). In *Henderson*, the trial court granted the defendant's motion for summary judgment without ruling on or considering the plaintiff's pending motion to

amend its complaint beyond stating that the amendment was "too late." *Id.* at 236. The Tennessee Supreme Court ruled, however, that the trial court abused its discretion in failing to properly consider the motion to amend. *Id.* at 238.

In reaching this result, the court considered federal caselaw on Rule 15.01's federal counterpart, Rule 15(a) of the Federal Rules of Civil Procedure. *See id.* at 237 ("The Federal Rule of Civil Procedure 15(a) is essentially the same as the Tennessee Rule of Civil Procedure 15.01, and even though federal decisions are not binding upon the state courts, we find assistance in reviewing cases concerning rules of procedure which have been in effect in the federal courts [for] many years."). Like Rule 15.01, Rule 15(a) provides that leave of court to amend a pleading should be "freely given." *Id.* (citing Fed. R. Civ. P. 15(a)). Given this language, federal courts have held that "it was an abuse of discretion for a district court to dismiss a suit on the basis of the original complaint without first considering and ruling on a pending motion to amend." *Id.* (citing *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987)). The Tennessee Supreme Court agreed with federal courts that "[g]iven the policy of liberality behind Rule 15(a), it is apparent that when a motion to amend is not even considered, much less not granted, an abuse of discretion has occurred." *Id.* (quoting *Marks*, 830 F.2d at 69). Applying this precedent to Rule 15.01, the court therefore held that

> [T]he trial court must give the proponent of a motion to amend a full chance to be heard on the motion, must consider the motion in light of the amendment policy embodied in T.R.C.P. 15.01, that amendments must be freely allowed; and in the event the motion to amend is denied, the trial court must give a reasoned explanation for his action.

*Id.* at 238. Because the trial court did not state in its order that the motion had been fully considered or given "a reasoned explanation for [its] action[,]" the grant of the motion for summary judgment was vacated in *Henderson* and the case remanded to consider the motion to amend prior to taking up the motion for summary judgment. *Id.* Tennessee courts continue to follow the precedent set in *Henderson*. *See, e.g., Cumulus Broad., Inc. v. Shim*, 226 S.W.3d 366, 375 (Tenn. 2007) (holding that a motion to amend should have been fully considered under the precedent set in *Henderson*, but the issue was ultimately harmless because the trial court did partially rule on the motion and the portion not considered was "at least temporarily of no consequence"); *Shaw v. Metro. Gov't of Nashville*, No. M2016-02455-COA-R3-CV, 2017 WL 6398341, at *5 (Tenn. Ct. App. Dec. 14, 2017) (vacating the grant of summary judgment after determining that the trial court abused its discretion in failing to rule on a pending motion to amend).

The same is true in this case. Here, the motion for leave to amend filed by each plaintiff was pending at the time that the trial court ruled on the motion to dismiss. Despite this fact, the trial court's written order states nothing more than that "any and all outstanding Motions or Petitions are denied." The motions to amend or the proposed

amended complaints are not once mentioned in the trial court's written order.[5] As such, the trial court's order lacks "a reasoned explanation" for the apparent denial of the motions to amend in spite of Rule 15.01's liberality. **Henderson**, 868 S.W.2d at 238; *see also* **Bellanti v. City of Memphis**, No. W2011-01917-COA-R3-CV, 2012 WL 1974220, at *6 (Tenn. Ct. App. June 4, 2012) (vacating the trial court's judgment on that basis that even though the trial court considered the motion to amend, the trial court's order did not provide the basis for the denial of the motion).

Defendants assert, however, that the trial court was well within its discretion in denying the motion to amend on the basis of futility and bad faith. *See generally* **Runions v. Jackson-Madison Cty. Gen. Hosp. Dist.**, 549 S.W.3d 77, 84–85 (Tenn. 2018) (citing **Sallee v. Barrett**, 171 S.W.3d 822, 830 (Tenn. 2005)) ("Trial courts are not required to grant a motion to amend if the amendment would be futile."); **Gardiner v. Word**, 731 S.W.2d 889, 891–92 (Tenn. 1987) ("In considering whether to grant a motion to amend, a trial court should consider several factors such as undue delay in filing the amendment, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and the futility of the amendment."). While we agree that futility and bad faith may indeed provide an appropriate basis for the denial of a motion to amend, the trial court here did not deny Plaintiffs' motions on either of these bases and we decline to address these issues in the first instance. *See* **Bellanti**, 2012 WL 1974220, at *6 (noting that while the amendment may be futile, the trial court should address that issue on remand and provide a reasoned explanation regarding its application); *cf.* **Runions**, 549 S.W.3d at 82 (involving a situation where a trial court granted a motion to amend, rather than declining to rule on the motion). Rather, the trial court in this case simply chose not to specifically rule on Plaintiffs' pending motions to amend in clear violation of the rule set forth in **Henderson**.

Moreover, because a motion to dismiss tests the sufficiency of the complaint, we decline to conclude that the trial court's failure to consider the pending motions to amend was harmless. **Webb**, 346 S.W.3d at 426; *see also* **Cumulus Broad.**, 226 S.W.3d at 375 (holding the trial court's failure to rule on one portion of the motion to amend was harmless where the trial court ruled on a portion of the motion and the other portion was "of no consequence"). Under **Henderson**, Plaintiffs are entitled to full and careful consideration of their requests pursuant to Rule 15.01 by the trial court. In failing to perform this duty, the trial court committed an abuse of discretion. **Henderson**, 868 S.W.2d at 238.

---

[5] The trial court's order does mention other "pleadings" filed by the Plaintiffs but does not state whether these pleadings include the amended complaints or whether the trial court was treating the amended complaints as operative.

Based on the foregoing, we conclude that the trial court erred in granting Defendants' motion to dismiss notwithstanding the pending motions to amend. As such, we vacate the judgment of the trial court and remand for reconsideration of the motions to amend. Although we express no opinion as to whether leave to amend should be given, we note that in exercising its discretion, the trial court should take into account Plaintiffs' pro se status at time of the filing of the motions, as well as the fact that no responsive pleading had been filed at the time the motions to amend were filed. *See* Tenn. R. Civ. P. 15.01. Given our resolution of this issue, all consideration of whether the motion to dismiss was properly granted, either on the basis of the expiration of the statute of limitations or on another basis as detailed in Defendants' brief is pretermitted.[6] Likewise, because Plaintiffs' appeal was not frivolous, Defendants request for damages for defending against a frivolous appeal is respectfully denied. *See **Indus. Dev. Bd. of City of Tullahoma v. Hancock***, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995) ("A frivolous appeal is one that is devoid of merit, or one in which there is little prospect that it can ever succeed.") (citations omitted).

## Conclusion

The judgment of the Circuit Court of Shelby County is vacated and remanded for further proceedings consistent with this Opinion. Costs of this appeal are taxed to Defendants/Appellees David Kustoff, Bernie Kustoff, Kustoff & Strickland PLLC, and the Law Office of Bernie Kustoff, for all of which execution may issue if necessary.

_____
J. STEVEN STAFFORD, JUDGE

---

[6] We note that in support of their argument that the trial court's ruling can be affirmed on other grounds, Defendants attach to their briefs documents that do not appear to have been included in the appellate record. It is well-settled, however, that we may not consider documents merely attached to briefs that were not properly made a part of the record in the trial court or supplemented on appeal. *See **Carney v. State***, No. M2006-01740-CCA-R3-CO, 2007 WL 3038011, at *4 (Tenn. Crim. App. Oct. 17, 2007) (stating that "documents attached to an appellate brief but not included in the record on appeal cannot be considered by this court as part of the record on appeal") (internal citation omitted); ***Pinney v. Tarpley***, 686 S.W.2d 574, 579 (Tenn. Ct. App. 1984) (stating that "[m]erely attaching a document to a pleading does not place that document in evidence").